# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE  DIVISION

| | | |
|---|---|---|
| **MARCUS CLEMMER,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:16CV00319 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **J. KISER,** | ) | By:  James P. Jones |
| | ) | United States District Judge |
| | ) | |
| Respondent. | ) | |

*Marcus Clemmer, Pro Se Petitioner; Eugene Murphy, Senior Assistant Attorney General, Richmond, Virginia, for Respondent.*

In this pro se Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, the petitioner Marcus Clemmer, a Virginia inmate, challenges the validity of his confinement on a judgment by the Circuit Court for the City of Danville.  After review of the record, I conclude that the respondent's Motion to Dismiss must be granted, because Clemmer's petition is untimely filed.

## I.    BACKGROUND.

On June 30, 2014, a jury convicted Clemmer of burglary, grand larceny, possession of a controlled substance, and petty larceny third offense and  the state court sentenced him to seven years imprisonment.  Clemmer did not pursue a

direct appeal, and thus his conviction became final ninety days later, on September 28, 2014.[1]

Clemmer timely filed a petition for a writ of habeas corpus in the Supreme Court of Virginia on September 18, 2015. On April 19, 2016, the court denied his petition as procedurally barred under *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974), *cert. denied*, 419 U.S. 1108 (1975). Clemmer then filed the present petition in this court on July 8, 2016, raising nine claims, as follows:

1. The Supreme Court of Virginia erred in applying *Slayton v. Parrigan* to his state habeas claims;

2. All of his state habeas claims were fairly presented to the Supreme Court of Virginia;

3. The prosecution withheld exculpatory evidence at his trial;

4. Clemmer was denied the right to counsel on appeal;

5. The evidence was insufficient to prove Clemmer's guilt of possession of a controlled substance;

6. The evidence was insufficient to prove Clemmer's guilt of grand larceny;

---

[1] Clemmer obtained the removal of his appointed counsel after the jury's verdict, and informed the court that he would proceed pro se on appeal. Clemmer filed an untimely direct appeal on February 27, 2015, which the Court of Appeals of Virginia dismissed on July 8, 2015.

7. Clemmer was denied access to the courts during his trial and the post-trial proceedings because:

    a. His counsel was ineffective;

    b. Jail personnel denied him access to legal materials; and

    c. He was denied a trial transcript for his habeas proceeding.

8. The trial court erred in denying his motion to dismiss the indictment for possession of a controlled substance; and

9. Clemmer's attorneys were ineffective for:

    a. Not challenging the sufficiency of the evidence to establish that the substance he possessed was a controlled substance at the preliminary hearing;

    b. Not filing "suppression" motions requested by Clemmer;

    c. Conducting an inadequate investigation of Clemmer's defenses;

    d. Not properly performing the duties of stand-by counsel; and

    e. Not filing an appeal for Clemmer.

The Respondent moves to dismiss Clemmer's habeas petition and Clemmer has responded to the motion, making the case ripe for review.

## II.    STATUTE OF LIMITATIONS.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a state prisoner must file his federal habeas petition within one year

from the latest of when: (1) his conviction became final by the conclusion of direct review or the expiration of the time for seeking such review, (2) any illegal state created impediment to filing was removed, (3) the United States Supreme Court recognized a new, retroactively applied constitutional right, or (4) the factual predicate of the claim could have been discovered through due diligence. 28 U.S.C. § 2244(d)(1). Clemmer has not alleged that any illegal impediment existed, that the Supreme Court recognized a new retroactive right, or that the factual predicates of his claims were undiscoverable.

A petitioner can "toll" the federal habeas statute of limitation in two ways: statutory tolling and equitable tolling. Statutory tolling occurs when a petitioner files a state habeas petition within the federal limitation period; the federal habeas statute of limitation is then tolled for the duration of the state habeas proceeding. 28 U.S.C. § 2244(d)(2). Meanwhile, a petitioner is only entitled to equitable tolling if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544, U.S. 408, 418 (2005)).

Clemmer's § 2254 petition is time-barred under 28 U.S.C. § 2244(d). Clemmer's direct review process ended on June 30, 2014. His conviction became final on September 28, 2014, when he failed to file a writ of certiorari to the

Supreme Court within ninety days.[2]  Thus, the statute of limitation for Clemmer's federal habeas began to run on September 29, 2014.  Clemmer did not file his state habeas petition until September 18, 2015, 354 days after his conviction had become final.  Thereafter, his state habeas proceeding tolled the federal limitation period until the Supreme Court of Virginia denied his petition on April 19, 2016.

Clemmer's federal habeas statute of limitations began to run once again on April 20, 2016, and the one-year statute of limitation expired twelve days later, on May 2, 2016.  Clemmer did not file the current petition until July 8, 2016.  Accounting for tolling under § 2244, 432 days had accrued under the AEDPA statute of limitations.[3]

Accordingly, Clemmer did not file his federal habeas petition within the one-year limitation period.

Further, Clemmer is not entitled to equitable tolling.  Clemmer does not demonstrate that he has been pursuing his rights diligently or that extraordinary circumstances stood in his way and prevented timely filing.  He also failed to respond to a request for more information as to either (1) evidence contradicting

---

[2] See Sup. Ct. R. 13 ("[A] petition for a writ of certiorari to review a judgment in any case . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment.).

[3] Clemmer's request for permission for a delayed appeal and his attempt to amend his state habeas petition did not toll the limitation period.  Under the AEDPA, a petitioner is entitled to tolling for "[t]he time during which a *properly filed* application for State post-conviction or other collateral review . . . is pending."  28 U.S.C. § 2244(d)(2) (emphasis added).

the filing dates, or (2) additional evidence concerning why he could not earlier submit his § 2254 claims.[4]

### III. CONCLUSION.

For the stated reasons, I conclude that Clemmer's habeas petition is untimely filed under 28 U.S.C. § 2244(d) and his pending motions are dismissed as moot.[5] Therefore, I will grant Respondent's Motion to Dismiss and deny Clemmer's habeas petition.

A separate Final Order will be entered herewith.

DATED: June 9, 2017

/s/  James P. Jones
United States District Judge

---

[4] A colorable claim of actual innocence can serve as a gateway to secure the adjudication of an otherwise procedurally unreviewable claim. *Schlup v. Delo*, 513 U.S. 298, 315 (1995). Clemmer does not present any new compelling evidence unavailable at trial or on appeal. *See Burket v. Angelone*, 208 F.3d 172, 183 n.10 (4th Cir. 2000) (finding that since petitioner bears burden to raise cause and prejudice or actual innocence, a court need not consider either if not asserted by petitioner).

[5] Clemmer filed the following: "Motion to Dismiss Respondent's 12(b)(6) Motion," ECF No. 37, "Motion for Evidentiary Hearing," ECF No. 39, and "Motion to Stay," ECF No. 41. None of these motions affect the federal habeas statute of limitations.